LEO FEIST, Inc., v. AMERICAN MUSIC ROLL CO.

(District Court, E. D. Pennsylvania. October 18, 1918.)

No. 1637.

COPYRIGHTS ☞87—SUIT FOR ROYALTIES—DAMAGES.

In fixing punitive damages, which under Copyright Act, § 1 (e) (Comp. St. 1916, § 9517), may be awarded in a suit to recover royalties from the user of a copyrighted musical work who fails to pay or report as therein required, the intent and acts of defendant should be considered.

In Equity. Suit by Leo Feist, Incorporated, against the American Music Roll Company. On proceedings after remand, concerning allowance of counsel fees and punitive damages.

Sundheim & Sundheim, of Philadelphia, Pa., and Gilbert & Gilbert, of New York City, for plaintiff.
Leighton P. Stradley and Howard M. Long, both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge. The decree in this case was reversed (251 Fed. 245, —— C. C. A. ——), with direction to this court to exercise its discretion concerning the allowance of a reasonable counsel fee and punitive damages under section 1, clause (e), Act March 4, 1909, c. 320, 35 Stat. 1075.

The controversy in the case has been upon the question whether the use by the defendant of the plaintiff's copyrighted musical compositions was under the compulsory license provisions of the act, as contended by the plaintiff, or under a voluntary license, as contended

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the defendant. That question has now been decided in favor of the plaintiff.

I am of the opinion that the plaintiff should be allowed a reasonable counsel fee. If the fee asked by plaintiff's counsel, $750, were awarded, the court would be applying, in fixing the amount of the fee, the punitive provisions of the act, which apply only to damages. The fee, to be a reasonable one, must be based upon the professional services rendered in the preparation and trial of the case and in the appellate proceedings.

The amount of royalties due, as fixed by the former decree, is $373.-74. The amount in controversy has its bearing upon the amount of the fee. No complicated questions of law or fact were involved. In my judgment, a fee of $150 is adequate and reasonable.

Passing to the question of damages, they may be imposed in case of failure to pay within 30 days after demand. The court may, no doubt, take into consideration the intent and acts of the defendant in failing to make payment and its willful disregard of the provisions of the act. The defendant was in default in failing to render monthly reports and to make payment within 30 days after demand. There was nothing in these features of the case indicating an intention of concealment or piracy in the use of the copyrighted works. In fact, the liability of the defendant for the statutory 2 cents royalty was consistently admitted throughout the transactions. Moreover, there is nothing upon the record to show bad faith of the defendant in defending against the application of the compulsory license provision, and, if punitive damages were based upon the resistance of the defendant to liability to punitive damages, the court would be punishing the defendant for setting up what the court, in its former decision, considered to be a good defense against such liability, but which has been held to be error in law.

Punitive damages will therefore be awarded, based upon failure to make payment within 30 days after demand, and, in aggravation thereof, failure to make monthly reports. The sum of $100 is, in my judgment, an ample allowance for damages, and will be awarded.